GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
ERIN M. ADRIAN, ESQ. (SBN 228718)
(ema@grellas.com)
550 California Street, Suite 1040
San Francisco, CA 94104
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff
LEONARDO FIGUEROA,
and on behalf of all others similarly situated



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARDO FIGUEROA, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMPIRE AUTO PROTECT LLC, a Delaware Limited Liability Corporation<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL REQUESTED |

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

Plaintiff Leonardo Figueroa ("Figueroa" or "Plaintiff"), by and through his undersigned counsel, hereby files this Class Action Complaint, individually and on behalf of all others similarly situated, and alleges against Defendant Empire Auto Protect LLC ("Empire" or "Defendant") as follows:

## I. INTRODUCTION

1. Empire sells vehicle service plans nationwide through its website. These vehicle service plans are described as affordable extended warranties for automobiles. Prospective consumers are assured that they can receive a full refund if they cancel their plan for any reason, prorated for the amount of time the plan remained in place.

2. Consumers nationwide are being deceived because they are purchasing vehicle service plans in reliance on Empire's purported liberal refund policies. In practice, however, Empire does not pay pro-rated refunds upon receiving refund requests.

3. Empire also assures consumers that if they choose its vehicle service plans, they will receive the "best protection" and "best service and coverage."

4. But California consumers are being deceived. California consumers could not possibly be receiving the "best service and coverage" because Empire is not legally allowed to sell vehicle service plans to California consumers. California consumers are not receiving the "best protection" because they are receiving illegal plans.

## II. VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this action is filed as a class action under Federal Rule of Civil Procedure 23 and the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the named plaintiff, the California class members, and a substantial number of the nationwide class are citizens of a state different than Empire. Upon information and belief, Empire has sold vehicle service plans to tens of thousands of consumers nationwide at prices ranging from approximately $1,500 to $3,000 or more per plan, making the aggregate amount in controversy well in excess of $5,000,000.

6. Venue is proper in this district and division under 28 USC § 1391(a) because a

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

substantial part of the events and omissions giving rise to the claims asserted herein occurred in this judicial district.

7. Defendant is subject to personal jurisdiction in the State of California because it maintains continuous and systematic contacts with the State of California for the purpose of selling product to California consumers and because it directed unlawful acts and omissions to the State of California from which Plaintiff's claims arose.

8. Under Local Rules 3-2(c) and 3-5(b), a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Santa Clara County, because this was the county where Plaintiff was exposed to the unlawful, unfair, and false advertising, and where he purchased the product. This action should therefore be assigned to the San Jose Division.

9. The Declaration of Leonardo Figueroa under Civil Code § 1780(d) of the Consumer Legal Remedies Act, Civil Code § 1750 *et seq*. regarding venue under the California Consumer Legal Remedies Act ("CLRA") is submitted herewith and is incorporated herein by reference.

## III. THE PARTIES

10. Plaintiff Figueroa is an individual more than 18 years old, and is a citizen of California, who resides in the city of San Jose, County of Santa Clara, California. He respectfully requests a jury trial on damage claims.

11. Empire is a limited liability corporation, organized and existing under the laws of the State of Delaware and, upon information and belief, has its headquarters in the State of Delaware.

## IV. GENERAL ALLEGATIONS

12. All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

13. Plaintiff alleges that, at all times relevant herein, Empire and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of Empire, and at the times are relevant herein each was acting within

the purpose and scope of that agency and employment.

14. Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, Empire, in concert with its subsidiaries, affiliates, and/or other related entities, and their respective employees, planned, participated in, and furthered a common scheme to induce members of the public to purchase the Empire vehicle service plans by means of false, misleading, deceptive, and fraudulent representations, and that Empire participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

15. Whenever reference in this Complaint is made to any act by Empire or its subsidiaries, affiliates, distributors, retailers, and other related entities, such allegations shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Empire committed, knew of, performed, authorized, ratified, and/or directed that act or transaction on behalf of Empire, while actively engaged in the scope of their duties.

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

## V. NATURE OF THE ACTION

16. Empire has made, and continues to make, false and misleading statements in its advertising of its vehicle service plans. Empire's advertising of its vehicle service plans conveyed a single, consistent false, unfair, unlawful, and misleading message to consumers: 1) that the vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage"; and 2) that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

17. These consistent and uniform claims are false.

18. Empire does not offer the best vehicle service plans and Empire does not offer the best service and coverage. And Empire does not pay pro-rated refunds to consumers, as advertised.

19. Further, California customers are led to believe, by virtue of the fact that Empire advertises its vehicle service plans to California residents and sells its products to California residents, that it is lawful for Empire to sell its vehicle service plans to California

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

residents. But Empire fails to disclose that it is not licensed with the California Department of Insurance and therefore cannot lawfully offer vehicle service plans within the State of California.

20. Plaintiff therefore brings this class action to secure, among other things, equitable relief and actual damages for the Class against Empire for false and misleading advertising in violation of California's Unfair Competition Law ("UCL") Bus. & Prof. Code §§ 17200 *et seq*.; California's False Advertising Law ("FAL"), Bus. & Prof Code §§ 17500 *et seq*.; California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*.; along with damages arising from common law counts and breach of warranty.

21. Empire's sales of vehicle service plans are based upon these false promises and misleading advertisements, which caused, and continue to cause, consumers to either pay extra for the vehicle service plans or choose Empire over competitors.

22. Plaintiff and other purchasers of the vehicle service plans have suffered injury in fact and have lost money as a result of Empire's misrepresentations.

23. Plaintiff and other purchasers of the vehicle service plan purchased the plan, at least in part, because of these representations and would not have purchased the vehicle service plan if they had known that this advertising was false.

## VI. FACTUAL ALLEGATIONS

24. Empire advertises vehicle service plans nationwide from its website www.empireautoprotect.com.

25. Empire's vehicle service plans are essentially warranty programs that cover costs of repair to vehicles after they are no longer covered by manufacturer warranties. Empire's website advertises "Vehicle Service Protection Plans" which it touts as offering the "best protection" for consumer vehicles and the "best service and coverage." Empire's website states that customers may bring in their vehicle to any dealer or repair shop to diagnose the problem and then "we take care of everything from then on out." The website further states the purchase of the Empire's vehicle service plans "will guarantee that you will save thousands."

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

26. The Empire website has a toll-free number to call for persons interested in purchasing Empire's vehicle service plans. It also has an online form for potential customers to "Request A Quote." The website states that by filling out the form, the potential customer consents to having Empire representatives contact them by phone, text, or email to discuss the potential customer's vehicle service plan needs. The Empire website does not say that it will only sell vehicle service plans to residents of certain states or that the residents of any particular states cannot purchase a vehicle service plan.

27. Under California law, a Vehicle Service Contract Provider ("VSCP") must be licensed by the California Department of Insurance. Moreover, only a car or watercraft dealer can sell you a vehicle service plan offered by a VSCP. VSCPs are not allowed to sell vehicle service plans by Internet or phone. VSCPs that sell vehicle service plans by Internet or phone are committing a felony.

28. Empire is not licensed by the California Department of Insurance as a VSCP and is not lawfully permitted to sell vehicle service plans within the State of California. Further, Empire is unlawfully selling vehicle service plans to California residents through Internet and the phone, which is a felony.

29. Moreover, a VSCP must offer a full refund to any vehicle service plan cancelled within 60 days of purchase and a pro rata refund of any vehicle service plan cancelled 60 or more days after purchase. The measure of pro rata refund that must be offered can be based on lapsed time or some other objective measure as specified in the vehicle service plan. *See* Cal. Civ. Code § 1794.41(b).

30. Empire's vehicle service plans expressly state that purchasers will receive a pro rata refund based on the amount of time within the plan period that has elapsed.

31. Upon information and belief, during the course of its false, misleading, and deceptive advertising campaign Empire has sold many thousands of vehicle service plans based upon its false promises.

32. While residing in California, in early 2022, Plaintiff searched Google for extended vehicle warranties and came across Internet advertising on Empire's website.

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

Empire's website advertises "Vehicle Service Protection Plans" which it touts as offering the "best protection" for consumer vehicles and states that Empire offers the "best service and coverage." At the time, it offered three tiers of vehicle service plans: "Silver," "Supreme," and "Titanium." Titanium was the highest coverage level.[1] Empire's website states that customers may bring their vehicle to any dealer or repair shop to diagnose the problem and then "we take care of everything from then on out." The website further states the purchase of Empire's vehicle service plans "will guarantee that you will save thousands."

33. The Empire website has a toll-free number to call for persons interested in purchasing Empire's vehicle service plans. It also has an online form for potential customers to "Request A Quote." The website states that by filling out the form, the potential customer consents to having Empire representatives contact them by phone, text or email to discuss the potential customer's vehicle service plan needs. The Empire website does not say that it will only sell vehicle service plans to residents of certain states or that the residents of any particular states cannot purchase a vehicle service plan.

34. Figueroa, after reviewing the Empire website, called the toll-free number on the website on or around March 7, 2023, and spoke with an Empire representative. Figueroa purchased an Empire Titanium Vehicle Protection Plan covering 3 years or 36,000 miles for his 2016 BMW M3 sedan over the phone.

35. The written vehicle service plan policy states, on its face, that if the customer cancels the plan, a pro-rated portion of the policy premium will be returned. Figueroa paid the entire premium amount of $2,988 in full at the time of purchase.

36. Figueroa purchased the vehicle service plan, at least in part, based on Empire's agreement that Figueroa could cancel the policy and receive a pro-rated refund if he was dissatisfied. Figueroa would not have purchased the vehicle service plan if this cancellation and pro-rated refund policy had not been in place.

37. Figueroa also purchased the policy, at least in part, based on Empire's

[1] Empire's current website appears to have relabeled the "Titanium" tier to "Platinum," and has added an additional tier called "EV Platinum."

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

representations that it offers the "best protection" for consumer vehicles and the "best service and coverage." Because the vehicle service plan was offered to him for sale in California, Figueroa believed that it was lawful for Empire to sell vehicle service plans in California and that Empire was properly licensed to do so. Figueroa would not have purchased the vehicle service plan if he was aware that Empire was not licensed to sell vehicle service plans in California.

38. Figueroa's reliance on Empire's representations was reasonable, given that Empire portrayed itself as a reputable nationwide company that offered vehicle service plans, and its website touted testimonials from purported satisfied customers as well as purported endorsements from reputable sources such as a purported A+ rating from the Better Business Bureau.

39. Several months later, Figueroa's BMW began to experience mechanical problems. On June 5, 2023, Figueroa took his car to a repair facility. The facility diagnosed Figueroa's car as having serious mechanical issues requiring repair.

40. Approximately 1 month later, Figueroa filed a claim with Empire. Empire denied the claim.

41. On July 31, 2023, Figueroa then cancelled his policy and requested a refund of the pro rated amount of his premium. Empire, however, refused to give Figueroa a pro rated refund of his premium and offered him only a fraction of the amount owed. When Figueroa did not agree to accept a lesser amount, Empire did not pay any refund.

42. Plaintiff has been damaged by his purchase of the Empire Titanium Vehicle Protection Plan because Empire's advertising for its vehicle service plans is false and misleading.

43. The advertising for the vehicle service plan, relied upon by Figueroa, was prepared and/or approved by Empire and its agents, and was disseminated by Empire and its agents, through advertising containing the misrepresentation alleged herein. The advertising for Empire's vehicle service plans was designed to encourage consumers to purchase the vehicle service plans, and in fact, did, as Plaintiff and the Class relied upon the Empire's

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

statements in purchasing the vehicle service plans.

## VII. CLASS ACTION ALLEGATIONS

44. Plaintiff and the Classes have suffered injury in fact and have lost money as a result of Empire's false representations. The vehicle service plans, as purchased by the Plaintiff and the Classes, was and is unsatisfactory and worth less than the amount paid for it. Plaintiff would not have purchased the vehicle service plan but for Empire's representations.

45. Through the conduct described herein, Empire has received money belonging to Plaintiff and the Classes through the sale of the vehicle service plans.

46. Empire has reaped substantial profit by misrepresenting the facts regarding the vehicle service plans, as set forth herein. Empire has benefited from the receipt of such money that it would not have received but for its misrepresentation and/or omissions.

47. Plaintiff brings this proposed action on behalf of himself and, under Rule 23 subdivisions (a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following National Class and California Class (collectively, the "Classes"):

**National Class:**

**all persons in the United States who have purchased a vehicle service plan from Empire for personal use during the Nationwide Class Period, which is defined as the period extending back four years prior to the filing of this action.**

**California Class:**

**all persons in the California who have purchased a vehicle service plan from Empire for personal use during the California Class Period, which is defined as the period extending back four years prior to the filing of this action.**

48. Excluded from the Classes are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

49. Plaintiff reserves the right to amend or modify the class description by making it more specific or dividing the class members into subclasses or limiting the issues.

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

50. NUMEROSITY: Plaintiff is informed and believes, and on that basis alleges, that the Classes are so numerous that individual joinder of all members would be impracticable. Based on the annual sales of the vehicle service plans and the popularity of the vehicle service plans, it is apparent that the number of consumers of the vehicle service plans would be so large as to make joinder impossible as the Classes are comprised of hundreds of thousands of consumers geographically dispersed throughout the United States. While the exact number of Class members is currently unknown, such information can be ascertained though appropriate discovery.

51. This action may appropriately proceed as a class action because Plaintiff seeks equitable relief that will apply to the Classes as a whole and, further, because Plaintiff will prove the elements of the damages claims with predominantly common evidence.

52. COMMONALITY: Defendant's practices and omissions were applied uniformly to all members of the Classes, so that the questions of law and fact are common to all members of the Classes. All members of the putative Classes were and are similarly affected by having purchased and used the Empire's products, the relief sought herein is for the benefit of the Classes, and legal and factual questions common to the Classes exist that predominate over questions affecting only individual class members, including, inter alia:

(a) Whether Defendant's practices and representations made in connection with the advertising, marketing, promotion, and sales of the vehicle service plans were deceptive, unlawful, or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. Code §§ 17200 *et seq*.

(b) Whether Defendant's practices and representations made in connection with the advertising, marketing, promotion, and sales of the vehicle service plans were deceptive, unlawful, or unfair in any respect, thereby violating California's False Advertising Law ("FAL") Cal. Bus. & Prof. Code §§ 17500 *et seq*.

(c) Whether Defendant violated California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq*., by the practices and

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

representations made in connection with the advertising, marketing, promotion, and sales of the vehicle service plans within California.

(d) Whether Defendant's conduct in connection with the practices and representations made in the advertising, marketing, promotion, and sales of the vehicle service plans breached express warranties;

(e) Whether Defendant's conduct as set forth above injured consumers and, if so, the extent of the injury.

53. TYPICALITY: The claims asserted by Plaintiff in this action are typical of the claims of the members of the Classes, as the claims arise from the same course of conduct by Defendant, all members of the Classes have been similarly affected by Defendant's course of conduct, and the relief sought in common.

54. ADEQUACY: Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes. Plaintiff has no interest adverse to the interests of the other Class members. Plaintiff has retained competent counsel with substantial experience in class action litigation who are committed to vigorously prosecuting this action on behalf of the Classes.

55. SUPERIORITY: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, are far superior to other methods of adjudication such that any difficulties that might be encountered with regard to the management of this class action are outweighed. This superiority makes class litigation superior to any other method available for the fair and efficient adjudication of these claims. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Classes would be able to protect their

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

56. Certification of this class action is proper because the questions of law or fact common to the respective members of the Classes predominate over questions of law or fact affecting only individual members. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to the Classes, thereby making appropriate the relief sought on behalf of the Classes as a whole. Further, given the large number of consumers of the vehicle service plans, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

**FIRST CAUSE OF ACTION:**
**VIOLATIONS OF CAL. BUS & PROF. CODE §§ 17200 ET SEQ**
**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

57. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-56 of this Complaint.

58. Empire's advertising of its vehicle service plans conveyed a consistent false, unfair, unlawful, and misleading message to consumers that: 1) the vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage"; and 2) if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the time remaining on the term of the vehicle service plan.

59. Further, California customers are led to believe, by virtue of the fact that Empire advertises its vehicle service plans to California residents and sells its products to California residents, and that it tells California residents that its vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage," that it is lawful for Empire to sell its vehicle service plans to California residents.

60. Empire's advertising representations are unfair because Empire's vehicle service plans do not offer them the best protection for consumer vehicles and do not offer them the best service and coverage. In fact, it is not legal for Empire to sell its vehicle service plans to California residents.

61. Empire's advertising representations are also unfair because Empire will not

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

give a pro-rated refund if consumers cancel their vehicle service plan for any reason.

62. Plaintiff and other purchasers of the vehicle service plans have suffered injury in fact and have lost money as a result of Empire's misrepresentations, which caused, and continue to cause, consumers to either pay extra for the vehicle service plans or choose it over competitors.

63. This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus & Prof. Code §§ 17200 *et seq*., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

64. Plaintiff alleges that Defendant committed unfair business acts and/or practices, as set forth in detail above. The utility of Defendant's practices related to the deceptive advertising of the vehicle service plans is negligible, if any, when weighed against the harm to the general public.

65. The harmful impact upon members of the general public who purchased the vehicle service plans outweighs any reasons or justifications by Defendant for the deceptive advertising practices.

66. Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive advertising of the vehicle service plans, as set forth above.

67. The use of such unfair business acts and practices was and is under the sole control of Defendant and was deceptively hidden from members of the general public in Defendant's marketing and advertising of the vehicle service plans.

68. Defendant committed a deceptive act or practice by making the advertising representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

69. Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail above. These violations serve as predicate violations of this

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

prong of the UCL.

70. As a member of the general public in California who purchased and used Empire's vehicle service plans, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

71. Defendant's advertising practices, as set forth above, were intended to promote the sale of the vehicle service plans and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code §§ 17200 *et seq*.

72. Pursuant to California Bus. & Prof. Code §§ 17203, Plaintiff, on behalf of himself and members of the general public, seeks an order of this Court requiring Defendant to restore to Plaintiff and other purchasers of the product in California all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts and practices.

73. Plaintiff and the California Class purchasers of the vehicle service plans will be denied an effective and complete remedy in the absence of such an order. As a result of Defendant's violations of the UCL, Plaintiff and the California Class purchasers of the vehicle service plans are entitled to restitution for out-of-pocket expenses and economic harm.

74. Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the vehicle service plans are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculations, and Plaintiff and purchasers of the vehicle service plans are entitled to interest in an amount according to proof.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF CAL. BUS. & PROF. CODE §§17500 ET SEQ.**
**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

75. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-74 of this Complaint.

76. In violation of California Bus. & Prof. Code §§ 17500, Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming: 1) that the vehicle service plans offer them the "best protection" for consumer

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

vehicles and the "best service and coverage"; and 2) that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

77. Further, California customers are led to believe, by virtue of the fact that Empire advertises its vehicle service plans to California residents and sells its products to California residents, and that it tells California residents that its vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage," that it is lawful for Empire to sell its vehicle service plans to California residents.

78. Defendant's advertising representations are misleading because it cannot lawfully sell its vehicle service plans to California residents and because it does not pay pro-rated refunds upon cancellation.

79. Defendant's advertising representations for the vehicle service plans are by their very nature unfair, deceptive, and/or unlawful within the meaning of California Bus. & Prof. Code §§ 17500 *et seq*. The representations were likely to deceive reasonable consumers.

80. In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, and acted in violation of California's Bus. & Prof. Code §§ 17500 *et seq*.

81. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and California Class purchasers of the vehicle service plans have suffered substantial monetary and non-monetary damage.

82. Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and California Class purchasers of the vehicle service plans, seeks an order of this Court requiring Defendant to restore to the purchasers of the vehicle service plans all monies that may have been acquired by Defendant as a result of such unfair, deceptive, and/or unlawful acts or practices.

83. As a result of Defendant's violations of Section 17500, Plaintiff and the California Class purchasers are further entitled to restitution for out-of-pocket expenses and economic harm.

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

84. Pursuant to Civil Code §§ 3287(a), Plaintiff and the California Class purchasers of vehicle service plans are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount on which interest is to be calculated is a sum certain and capable of calculations, and Plaintiff and the California Class purchasers of the vehicle service plans are entitled to interest in an amount according to proof.

**THIRD CAUSE OF ACTION**
**FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 *ET SEQ.***
**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

85. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-84 of this Complaint.

86. Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming: 1) that the vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage"; and 2) that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

87. Further, California customers are led to believe, by virtue of the fact that Empire advertises its vehicle service plans to California residents and sells its products to California residents, and that it tells California residents that its vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage," that it is lawful for Empire to sell its vehicle service plans to California residents.

88. Defendant's product advertising representations are misleading because it cannot lawfully sell its vehicle service plans to California residents and because it does not pay pro-rated refunds upon cancellation.

89. This cause of action is brought under Cal. Civ. Code §§1750 *et seq*.

90. Plaintiff and each California purchaser of Empire's vehicle service plans are "consumers" within the meaning of Civil Code § 1761(d).

91. The purchases of the vehicle service plans by Plaintiff and California Class purchasers were and are "transactions" within the meaning of Civil Code §1761 (e).

92. Defendant's marketing and advertising and sales of the vehicle service plans

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

violated the CLRA in at least the following respects as set forth in detail above:

a. In violation of Civil Code § 1770(a)(5), Empire represented that the vehicle service plans have characteristics, uses, and benefits which they do not have, and represented that they have approval or status that they do not have.

93. Plaintiff seeks and is entitled to equitable relief in the form of an order requiring defendant to make full restitution to California Class purchasers of the vehicle service plans of all monies wrongfully obtained as a result of the conduct described above.

94. Plaintiff, by and through counsel, has notified Defendant in writing of particular violations of Section 1770 of the CLRA and has demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands. *See* **Exhibit 1**, attached hereto and incorporated herein, *CLRA Letter Sent to Defendant.*

95. Defendant failed to take corrective action within 30 days.

96. Therefore, Plaintiff requests statutory and actual damages, as well as punitive damages, interest, and attorney's fees as authorized by Section 1780(a) of the CLRA.

97. Regardless of an award of damages, however, Plaintiff seeks and is entitled to, pursuant to Section 1780 (a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees, and any other relief which the Court deems proper.

**FOURTH CAUSE OF ACTION:**
**BREACH OF EXPRESS WARRANTY**
**(ON BEHALF OF PLAINTIFF AND THE NATIONAL CLASS)**

98. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-97 of this Complaint.

99. Defendant disseminated, or caused to be disseminated, deceptive product advertising representations misleadingly claiming that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

100. Defendant's product advertising representations are false and misleading because it does not pay pro-rated refunds upon cancellation.

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

101. Plaintiff, and each member of the National Class, formed a contract with Defendant at the time Plaintiff and the other members of the National Class purchased the vehicle service plans.

102. The terms of that contract include the promises and affirmations of fact made by Defendant in the marketing of the vehicle service plans that misleadingly claim that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

103. These promises and affirmations of fact constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the National Class on the one hand, and Defendant on the other.

104. All conditions precedent to Defendant's liability under this contract, including notice, have been performed by Plaintiff and the National Class.

105. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the National Class by failing to provide a product with the promised benefits described above.

106. As a result of Defendant's breach of its contract and warranties, Plaintiff and the National Class have been damaged in the amount of the purchase price of the vehicle service plans.

**FIFTH CAUSE OF ACTION:**
**INTENTIONAL MISREPRESENTATION**
**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

107. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-106 of this Complaint.

108. Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming: 1) that the vehicle service plans offer them the "best protection" for consumer vehicles and the "best service and coverage"; and 2) that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

109. Further, California customers are led to believe, by virtue of the fact that

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

Empire advertises its vehicle service plans to California residents and sells its products to California residents, and that it tells California residents that its vehicle service plans offer them the "best protection" for consumer vehicles, and the "best service and coverage," that it is lawful for Empire to sell its vehicle service plans to California residents.

110. Defendant's product advertising representations are false and misleading because it cannot lawfully sell its vehicle service plans to California residents and because it had no intention of offering a pro-rated refund at the time it sold the vehicle service plan to Plaintiff and members of the California Class.

111. Defendant knew its representations were false when it made them.

112. In making these representations to Plaintiff and the California Class, Defendant intended to induce Plaintiff and the California Class to purchase the vehicle service plans based on the aforementioned representations.

113. Plaintiff and the California Class reasonably relied on Defendant's representations in purchasing the vehicle service plans and would not have purchased the vehicle service plans had they known the truth, *i.e.*, that Empire could not lawfully sell the vehicle service plans in California and that the cancellation and pro-rated refund policy would not be honored, they would not have purchased the vehicle service plans.

114. At all times herein, Plaintiff and the California Class were unaware of the falsity of Defendant's statement.

115. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and California Class have been damaged, and therefore request damages, as may be warranted and determined at trial.

**SIXTH CAUSE OF ACTION:**
**NEGLIGENT MISREPRESENTATION**
**(ON BEHALF OF PLAINTIFF AND THE CALIFORNIA CLASS)**

116. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-115 of this Complaint.

117. Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming: 1) that the vehicle service plans offer them

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

the "best protection" for consumer vehicles and the "best service and coverage"; and 2) that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

118. Further, California customers are led to believe, by virtue of the fact that Empire advertises its vehicle service plans to California residents and sells its products to California residents, and that it tells California residents that its vehicle service plans offer them the "best protection" for consumer vehicles, and the "best service and coverage," that it is lawful for Empire to sell its vehicle service plans to California residents.

119. Defendant's product advertising representations are false and misleading because it cannot lawfully sell its vehicle service plans to California residents and because it does not offer pro-rated refunds when customers cancel their policies.

120. Defendant had no reasonable grounds for believing its representations were true.

121. Defendant should have known, or had a duty to learn, about the true facts that contradicted its representations.

122. In making these representations to Plaintiff and the California Class, Defendant should have known that it would induce Plaintiff and the California Class to purchase the vehicle service plans based on the aforementioned representations.

123. Plaintiff and the California Class reasonably acted in response to Defendant's statements in purchasing the vehicle service plans and would not have purchased the vehicle service plans had they known the truth.

124. As a proximate result of Defendant's negligent statements, Plaintiff and California Class have been damaged, and therefore request damages, as may be warranted and determined at trial.

## SEVENTH CAUSE OF ACTION:
## INTENTIONAL MISREPRESENTATION
## (ON BEHALF OF PLAINTIFF AND THE NATIONAL CLASS)

125. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-124 of this Complaint.

126. Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

127. Defendant's product advertising representations are false and misleading because it had no intention of offering a pro-rated refund at the time it sold the vehicle service plan to Plaintiff and members of the National Class.

128. Defendant knew its representations were false when it made them.

129. In making these representations to Plaintiff and the National Class, Defendant intended to induce Plaintiff and the National Class to purchase the vehicle service plans based on the aforementioned representations.

130. Plaintiff and the National Class reasonably relied on Defendant's representations in purchasing the vehicle service plans and would not have purchased the vehicle service plans had they known the truth.

131. At all times herein, Plaintiff and the National Class were unaware of the falsity of Defendant's statement.

132. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and National Class have been damaged, and therefore request damages, as may be warranted and determined at trial.

**EIGHTH CAUSE OF ACTION:**
**NEGLIGENT MISREPRESENTATION**
**(ON BEHALF OF PLAINTIFF AND THE NATIONAL CLASS)**

133. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-132 of this Complaint.

134. Defendant disseminated, or caused to be disseminated, the deceptive product advertising representations misleadingly claiming that if consumers cancel their vehicle service plans for any reason, they will receive a pro-rated refund based on the amount remaining on the term of the vehicle service plan.

135. Defendant's product advertising representations are false and misleading

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

because and because it does not offer pro-rated refunds when customers cancel their policies.

136. Defendant had no reasonable grounds for believing its representations were true.

137. Defendant should have known, or had a duty to learn, about the true facts that contradicted its representations.

138. In making these representations to Plaintiff and the National Class, Defendant should have known that it would induce Plaintiff and the National Class to purchase the vehicle service plans based on the aforementioned representations.

139. Plaintiff and the National Class reasonably acted in response to Defendant's statements in purchasing the vehicle service plans.

140. As a proximate result of Defendant's negligent statements, Plaintiff and National Class have been damaged, and therefore request damages, as may be warranted and determined at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in his favor against Defendant as follows:

1. For an order certifying that this action may be maintained as a class action, certifying Plaintiff as representative of the Classes, and designating his attorneys Class counsel to the Classes.
2. For an award of equitable relief as follows:
    a. Enjoining Defendant from making any claims for the vehicle service plans found to violate the UCL, FAL, or CLRA as set forth above;
    b. Requiring Defendant to make full restitution of all monies wrongfully obtained as result of the conduct described in this Complaint; and
    c. Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described in this Complaint.
3. For an award of attorney's fees pursuant to, *inter alia*, § 1780(e) of the CLRA and Code of Civil Procedure § 1021.5

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

GRELLAS SHAH LLP
550 CALIFORNIA STREET, SUITE 1040
SAN FRANCISCO, CA 94104

4. For general and special damages in an amount to be proven at trial;
5. For statutory penalties in an amount to be proven at trial;
6. For actual and punitive damages as may be provided for by statute for violations of the CLRA because the corrections demanded did not take place within the thirty (30) day notice period;
7. For pre-judgment and post-judgment interest;
8. For attorney's fees and costs of suit; and
9. For such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all claims asserted herein.

Respectfully submitted,

Dated: May 4, 2026

GRELLAS SHAH LLP

By: *<u>/s/ Dhaivat H. Shah</u>*

Dhaivat H. Shah, Esq.
Attorneys for Plaintiff
LEONARDO FIGUEROA,
and on behalf of all others similarly situated

# Exhibit 1

GRELLAS SHAH LLP

Dhaivat H. Shah
Partner
Email: ds@grellas.com
Phone: (408) 255-6310
www.grellas.com

August 23, 2023

*Via Certified Mail (Return Receipt Requested)*

Empire Auto Protect LLC
8 The Green
Suite # 11230
Dover, DE 19901

Re: *Notice of Rescission/Demand for Refund*

Dear Sir or Madam:

This firm represents Leonardo Figueroa, an individual who purchased from Empire Auto Protect LLC ("Empire") a Titanium Vehicle Service Protection Plan for his personal, family and household use.

This letter serves as a preliminary notice and demand for corrective action pursuant to the provisions of California Civil Code section 1782 on behalf of Mr. Figueroa and all other persons similarly situated.

Empire has engaged in acts of unfair competition and unfair and deceptive acts or practices, by: (1) offering vehicle service contracts in California without being licensed by the California Department of Insurance; (2) falsely advertising that customers can get a pro-rated refund if they cancel their vehicle service plan (VSP) before the end of the term, when Empire does not intend to honor such contractual obligations; and (3) falsely advertising that Empire plans offer the "best protection" and that Empire offers the "best service and coverage," when Empire offers plans devoid of protections required for consumers under California law.

The practice of false advertising violates California Civil Code section 1770, including but not limited to subsections: (i) (a)(2) by "Misrepresenting the source, sponsorship, approval, or certification of goods or services;" (ii) (a)(3) by Misrepresenting the affiliation, connection, or association with, or certification by, another;" (iii) (a)(5) by "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he or she does not have;" and (iv) (a)(7) by "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

We hereby demand that Empire immediately (1) cease and desist offering VSPs in California without full compliance with California law; and (2) provide a full refund to each California resident who has purchased a VSP from you in the past three years.

Please comply with this demand within 30 days from your receipt of this letter. If we do not hear from you within this time period, we will assume that you will not take the corrective action requested.

This letter also serves as a demand that you preserve and maintain all of the following records pending the resolution of this matter. Such records include, but are not limited to:

a. all internal manuals, written policies, directives, memoranda, correspondence and the like concerning your compliance with California law pertaining to VSPs, the quality of your services, and your refund and cancellation practices, as well as any advertising related thereto;

b. all advertisements disseminated in California discussing or concerning the foregoing;

c. any materials disseminated directly or indirectly to consumers in California related to VSPs;

d. any complaints from California residents concerning your VSPs or advertising/labeling related thereto;

e. Any correspondence and communications regarding customer cancellations or requests for refunds and all records regarding refunds made to customers; and

f. any documents showing the number of VSPs sold in California.

If you contend that the facts or information and belief contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents immediately upon your receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,

*/s/ Dhaivat H. Shah*

Dhaivat H. Shah

GRELLAS SHAH LLP
ATTORNEYS AT LAW
CUPERTINO CITY CENTER
20400 STEVENS CREEK BLVD.
SUITE 280
CUPERTINO, CALIFORNIA 95014
www.grellas.com

**CERTIFIED MAIL®**

7018 3090 0001 7632 3066

stamps
$8.77 0
US POSTAGE
FIRST-CLASS
062S0001355274
FROM 95014
S16619.061

Empire Auto Protect LLC
8 The Green
Suite # 11230
Dover, DE 19901

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

7018 3090 0001 7632 3066

Certified Mail Fee
$ 4.35

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ 3.55
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postmark Here

Postage
$ .87

Total Postage and Fees
$ 8.77

Empire Auto Protect LLC
8 The Green
Suite # 11230
Dover, DE 19901

Leo Figeroua

See Reverse for Instructions

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Empire Auto Protect LLC
8 The Green
Suite # 11230
Dover, DE 19901

9590 9402 5003 9063 5728 20

2. Article Number *(Transfer from service label)*

7018 3090 0001 7632 3066

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt